UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTINA RANAE GRIER,<br><br>            Petitioner,<br><br>    v.<br><br>JANE PARNELL,<br><br>            Respondent. | CASE NO. C14-5213 RJB-KLS<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the court on Magistrate Judge Karen Strombom's Report and Recommendation (Dkt. 5) regarding Petitioner's Application for Leave to Proceed *In Forma Pauperis* (Dkt. 1). The court has reviewed the filings and the remainder of the record herein.

On March 31, 2014, Magistrate Judge Strombom issued a Report and Recommendation, recommending that the court dismiss the habeas petition, deny issuance of a certificate of appealability, and deny Petitioner's Application to Proceed *In Forma Pauperis*. Dkt. 5. Judge Strombom found that Petitioner had not yet exhausted her state remedies based on Petitioner's representation that she currently has a personal restraint petitioner pending before Division II of

the Washington Court of Appeals (Case No. 45215-4II).  Dkt. 5 at 2.  The parties were given fourteen days to file objections, or until April 14, 2014.  Dkt. 5 at 2.

On April 9, 2014, Petitioner objected and requested a telephonic hearing on the matter.  Dkts. 8, 9.  Petitioner states that she did exhaust her state remedies, and makes several other arguments regarding difficulty conducting legal research *pro se*, and the merits of her habeas case.  Dkt. 8.

Respondent has not yet appeared in this case and, therefore, the court addresses this matter now, although the noting date has not passed.

It appears Petitioner has a pending personal restraint petition currently before the Washington State Court of Appeals, Division II.  Thus, she has not yet exhausted her state judicial remedies, which is required in order to file a habeas petition.  *Gossage v. Barbour*, 21 F.3d 1113 (9th Cir. 1994).  *See Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state court); *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (even if claim petitioner raises in federal court has been fairly presented once to the highest state court, he has not exhausted if he has a pending appeal in the state court).

A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. *Rose v. Lundy,* 455 U.S. 509, 522 (1982).

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Dkt. 5) is **ADOPTED**.

2. Petitioner's habeas petition is **DISMISSED without prejudice** with leave to re-file once Petitioner has exhausted her state judicial remedies.

3. Petitioner's Application to Proceed *In Forma Pauperis* (Dkt. 1) is **DENIED**.

4. Petitioner's certificate of appealability is **DENIED**.

5. Petitioner's Motion, Declaration, and Order for Telephonic Hearing (Dkt. 9) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of April, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge